UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL DALE PASSMORE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ATTORNEY GENERAL OF THE STATE OF ) <br> INDIANA, ) <br> ) <br> Respondent. ) | No. 2:19-cv-00573-JRS-MJD |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Michael Passmore's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case ISF 19-08-0266. For the reasons explained in this Entry, Mr. Passmore's petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

On August 16, 2019, Indiana Department of Correction (IDOC) Correctional Officer Draughn wrote a Report of Conduct charging Mr. Passmore with a violation of Code B-251, Interfering with Count:

> On 8/16/19 at approx 1530 pm I c/o Draughn #76 had a count discrepancy in the PDR. Count room advised me I had to recount. I recounted and still had a discrepancy. I then had to conduct a role [sic] call in the PDR. Offender Passmore, Michael DOC 962822 failed to stand count. I advised count room and they called his dorm (13N). Passmore was located and identified on his bunk. Passmore was scheduled to work and was on my count.

Dkt. 9-1.

Mr. Passmore was notified of the charge when he received a Notice of Disciplinary Hearing Screening Report on August 20, 2019. Dkt. 9-2. Mr. Passmore pled not guilty, did not request a lay advocate, wanted to call witness "Cranley," and requested the video of Officer Draughn patting him down between 1240 and 1300 on the date of the incident. *Id.*

A disciplinary hearing was held on August 28, 2019, and Mr. Passmore waived witnesses. Dkt. 9-3. Mr. Passmore stated: "I was on two count letters. I was in the PDR @ 0700 that day and left at approx 1300 I was not to be back at 3:30." *Id.* The disciplinary hearing officer (DHO) summarized his review of the video Mr. Passmore requested:

> On 08/28/2019 I Sgt. Criss reviewed the date and time as requested by you. During the time reviewed, I observed the assigned PDR officer conducting a count of offenders that were in the PDR during the time.

Dkt. 9-4. Mr. Passmore waived his right to 24-hour notice on the Report of Disciplinary Hearing Video Evidence Review. *Id.* The DHO reviewed the conduct report and found Mr. Passmore guilty. Dkt. 9-3. His sanctions included a deprivation of 30-days' earned credit time. *Id.*

Mr. Passmore appealed to the Facility Head and the IDOC Final Reviewing Authority, but neither appeal was successful. Dkt. 9-5; dkt. 9-6; dkt. 9-7. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The respondent filed a return to order to show cause on February 25, 2020. Dkt. 9. Mr. Passmore did not file a reply.

**C. Analysis**

Mr. Passmore raises the following grounds in his petition: (1) the video evidence he requested was to be from 1240 to 1300 not 1530; (2) his requested witness statement was never taken or used; and (3) the reporting officer wrote him up out of retaliation. Dkt. 1 at 2.

**1. Denial of Evidence**

The Court construes Mr. Passmore's first two grounds as denial of evidence challenges. Mr. Passmore has not established that he was denied evidence.

Mr. Passmore requested that video footage from 1240 to 1300 be reviewed and contends that the video was reviewed for 1530. Dkt. 9-2. The DHO's video summation stated he reviewed the video from "the date and time as requested." Dkt. 9-4. The Report of Disciplinary Hearing Video Evidence Review contains a box at the top of the form for the time of the incident, and the DHO listed this as "Approx 1530," which is consistent with the conduct report. *Id.*; dkt. 9-1. The IDOC Appeal Review Officer reiterated this in the denial of Mr. Passmore's appeal:

> The DHO reviewed video from the specific time frame you requested, 12:40 to 1300 on 8/16/2019. The time listed at the top of the video review form is the approximate time of the incident (as is stated in the box on the form), not the time being reviewed in the video.

Dkt. 9-7. The Court has reviewed the *ex parte* filing of the video and finds that the time stamps visible on the video are from 12:56:47 p.m. to 1:03:04 p.m., or roughly 1257 to 1303, which is within the range of time that Mr. Passmore requested. Dkt. 12. Therefore, this is not footage from 1530, as Mr. Passmore argued. Moreover, the Court finds that the DHO's summation of the video

3

is an accurate depiction of the events that occurred—the PDR officer was conducting a count of the offenders that were in the PDR at that time. Because of the poor video quality provided to the Court, little to no additional information can be gleaned from the exhibit.

Mr. Passmore argued that his requested statement from a witness named "Cranley" who would have testified that Mr. Passmore was told to leave the PDR, was never obtained or used. Dkt. 9-2; dkt. 1. But Mr. Passmore waived witnesses at his hearing and signed the top of the Report of Disciplinary Hearing form indicating his waiver. Dkt. 9-3. Mr. Passmore admits that he "wa[i]ved [his] 1 witness" who heard that he was given permission to leave." Dkt. 9-6. Therefore, Mr. Passmore was not denied the ability to present witnesses or obtain their statements at his hearing.

Accordingly, Mr. Passmore is not entitled to habeas relief on these grounds.

### 2. Retaliation

"Prisoners have a right to be free from arbitrary actions by prison officials," including false disciplinary actions based on retaliation. *Burton v. Davis*, 41 F. App'x 841, 845 (7th Cir. 2002). However, "the protection from such actions is found in the procedures mandated by due process." *Id.* Therefore, "retaliatory motive in the *filing* of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001) (emphasis added); *see also McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("[W]e have long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision based solely because evidence indicates the claim was fraudulent."). If the procedural due process requirements of *Wolff* are satisfied, a reviewing court's role "is limited to determining whether there was sufficient

evidence to support the [hearing officer]'s decision." *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987) (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984)).

Mr. Passmore alleged only that the reporting officer wrote him up out of retaliation because he filed a complaint under the Prison Rape Elimination Act (PREA). Dkt. 1. Mr. Passmore's claim offers nothing to connect the reporting officer to his alleged PREA complaint. Rather, his argument is nothing more than a conclusory accusation, and he has not shown that his due process rights were violated. Accordingly, he is not entitled to relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Passmore to the relief he seeks. Accordingly, Mr. Passmore's petition for a writ of habeas corpus must be **denied** and the **action dismissed with prejudice.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   10/9/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL DALE PASSMORE
962822
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov